# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DODIE CORDOVA, MANUEL CORODVA, JR.,
SHAWN FRANCIS, TYVON SWAIN,

       Plaintiffs,

v.                                                                    CV 16-184 JCH/WPL

DAVID MELASS; QUICK FLIP, LLC;
CULLEN HALLMARK;
MEDRAY CARPENTER; and
STEPHEN VAN HORN,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Defendant Cullen Hallmark filed a motion to dismiss the Amended Complaint (Doc. 15) pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party under Rule 19. (Doc. 24.) The other Defendants did not join in this motion. Plaintiff Dodie Cordova, proceeding pro se, filed a response to Hallmark's motion to dismiss and purported to represent the other named Plaintiffs, as well as the unnamed heirs who may also have a claim to the mineral interests at stake in this case. (Doc. 39.) I informed Cordova that she may not represent the interests of any person other than herself, and allowed the other plaintiffs to join in Cordova's response or to file their own responses. (Doc. 47.) Plaintiffs pro se Shawn Francis and Tyvon Swain subsequently joined in Cordova's response. (Docs. 51, 53.) Cordova purported to submit a "Notice of Joinder" in the response on behalf of Plaintiff Manuel Cordova, Jr. (Doc. 52.) However, Cordova is not an attorney and cannot submit filings on behalf of anyone other than herself. *See* 28 U.S.C. § 1654. Hallmark filed a reply. (Doc. 43.) I have considered the

briefing, the record, and the relevant law. Being fully advised in these matters, I recommend that the Court grant the motion to dismiss for failure to join an indispensable party.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(7) allows a court to dismiss an action for failure to join a party in accordance with Rule 19. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed. 2004). When evaluating a motion under Rule 12(b)(7), the court initially determines if the absent party (or parties) is a required party to be joined under Rule 19(a)(1). A party, "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impeded the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). If an otherwise required party cannot feasibly be joined because it is not subject to service of process or because its joinder would destroy subject-matter jurisdiction, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). In making this determination, courts must consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

Because Cordova proceeds pro se, I construe her pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

## BACKGROUND

The background of this case is complicated and extensive. I have taken this very brief synopsis from the Amended Complaint. This synopsis is a neither a final adjudication of the facts nor a recommendation as to that determination.

The named Plaintiffs, as well as Gloria Bliven, Horacio Cordova, Jr., and other unnamed heirs (Bliven, Cordova Jr., and the unnamed heirs hereinafter referred to collectively as "other heirs"),[1] inherited significant real property holdings and mineral interests in New Mexico and Colorado when Horacio Cordova Sr., (aka Robert Ortiz) died on or about February 23, 2005. (Doc. 15 at 5.) Probate proceedings began in April 2005 in El Paso County, Colorado. (*Id.*) Another proceeding was filed in Rio Arriba County, New Mexico, in October 2008. (*Id.* at 6.)

---

[1] Bliven and Cordova Jr. were previously named Plaintiffs. The Court entered an Order to Show Cause on April 4, 2016, requiring that the Plaintiffs show cause why the case should not be dismissed for lack of subject matter jurisdiction because Bliven and Cordova Jr. are citizens of New Mexico, where Hallmark is also a citizen. (Doc. 11.) The presence of Bliven and Cordova Jr. in the case destroyed complete diversity and would have divested the Court of jurisdiction under 28 U.S.C. § 1332.

Hallmark was appointed as Special Administrator of the Estate in April 2009. (*Id.*)

Sometime between April and September 2009, a revocable trust belonging to Cordova Sr. was discovered, dated January 31, 1991. (*Id.*) Gerald Bischoff was appointed as Trustee in September 2009, at which time Hallmark "discharged himself from his duties as Special Administrator" and "empowered Trustee Bischoff with all assets belonging to both the estate and the trust." (*Id.*)

The two pending court cases were consolidated in Rio Arriba County, New Mexico, at which time all assets belonging to the Estate were transferred to the Trust. (*Id.* at 6-7.) Sometime in January 2011, a dispute arose between Bischoff and Hallmark over payment of Hallmark's fees for work performed as Special Administrator in 2009. (*Id.* at 7.)

In November 2011, Bischoff "entered into a 'Real Estate Purchase Agreement' with Defendant David Melass for the purchase of an 822 acre ranch located in New Mexico." (*Id.*) The sale included all of the mineral rights within the ranch's boundaries, but none of the mineral rights outside of the ranch. The sale was finalized on or about February 13, 2012. (*Id.* at 8.)

In January 2012, Cordova had a conversation with Hallmark about the ranch and informed Hallmark that none of the heirs wanted to sell any of their mineral rights, though they eventually agreed to sell the mineral rights associated with the ranch. (*Id.* at 7-8.) On or about March 15, 2012, Hallmark executed a Mineral Quitclaim Deed conveying specifically described mineral rights to Melass and Defendant Quick Flip LLC. (*Id.* at 8.) The mineral rights at issue were not associated with the ranch ("off-ranch" mineral rights or mineral interests). (*Id.*) Hallmark executed a corrected quitclaim deed on April 26, 2012. (*Id.*)

None of the heirs knew about this conveyance until January 2013. (*Id.* at 15.)

**DISCUSSION**

This case arises out of several allegedly fraudulent transfers, by Hallmark and others, of the off-ranch mineral rights jointly owned by the Plaintiffs and other heirs. The Plaintiffs seek an order requiring the Defendants to return to the Plaintiffs and other heirs the allegedly fraudulently transferred off-ranch mineral rights, monetary damages against the Defendants, and declaratory judgment "that Plaintiffs, along with the rest of the unnamed heirs hereto, are the rightful owners of a 100% interest" in the off-ranch mineral rights. (Doc. 15 at 22.)

Hallmark filed this motion to dismiss alleging that the other heirs, referenced throughout the Amended Complaint, are indispensable parties under Rule 19. (Doc. 24.) Accordingly, claims Hallmark, the case cannot proceed without them. (*Id.*) Dodie Cordova responded that the non-party heirs are not required parties under Rule 19, and even if they were, granting dismissal on that basis would deny all of the heirs an opportunity to vindicate their rights. (Doc. 39.)

The analysis begins at Rule 19(a) and determining whether the other heirs would be required to be joined if feasible. According to the Amended Complaint, the Plaintiffs and the other heirs claim an interest in the off-ranch mineral rights. (*See generally* Doc. 15.) There is some dispute among the parties as to whether the other heirs "claim[] an interest relating to the subject of the action" as required by Rule 19(a)(1)(B).

Cordova contends that the other heirs, including Bliven and Cordova, Jr., who voluntarily withdrew from the case, have expressed no desire to participate in the litigation and that their failure to participate demonstrates "their implicit waiver of any interest or legal claim which they had or may have had concerning the improperly conveyed" off-ranch mineral interests. (Doc. 39 at 5.) Cordova bases her analysis on the applicable statute of limitations for bringing claims related to fraud, conversion, or conveyances of title—N.M.S.A. 1978 § 37-1-4. Section 37-1-4

5

specifies a four-year statute of limitations for claims involving "accounts and unwritten contracts; . . . injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified." According to Cordova, the other heirs were informed of the four-year statute of limitations and also informed that the alleged fraud occurred in March and April 2012. (*See* Doc. 39 at 4.) Therefore, the other heirs waived their claims to the off-ranch mineral interests, argues Cordova, by not participating in this suit within the statute of limitations.

As an initial matter, Cordova may not be correct about the applicability of the four-year statute of limitations. The accrual date for a claim based on "fraud or mistake, and in actions for injuries to, or conversion of property" runs from when "the fraud, mistake, injury or conversion complained of, shall have been discovered by the party aggrieved." N.M.S.A. 1978 § 37-1-7. The Plaintiffs allege that they did not discover the allegedly fraudulent conveyances until January 2013. (Doc. 15 at 15.) They make no allegation as to when the other heirs discovered the allegedly fraudulent conveyances.

Under the circumstances, it would appear that these claims may not have accrued until January 2013, which would leave the statute of limitations open for several more months. Further, without allegations relating to when the other heirs discovered the conveyances, it is impossible to determine when their claims accrued or when the statute of limitations might run.

This leads to two conclusions: first, Cordova's assertion that the statute of limitations has run is not legally controlling; and second, Cordova has made herself adverse to the other heirs by taking the position that the other heirs have waived any claim in the off-ranch mineral interests. Cordova cannot unilaterally disclaim the other heirs' purported claim to the off-ranch mineral interests at stake here.

For Rule 19(a) purposes, the other heirs claim an interest in the subject of this action, as they may be joint owners with the Plaintiffs of the off-ranch mineral interests by virtue of inheritance through Cordova Sr. or through the Trust. *See Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 998-99 (10th Cir. 2001) (absent parties have an interest under Rule 19(a)(1)(B) where they "can . . . validly claim an interest in the subject of the action"). The next question is whether the other heirs are situated such that "disposing of the action in [their] absence may: (i) as a practical matter impair or impede [their] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

I find under Rule 19(a)(1)(B)(i) that failure to join the other heirs may, as a practical matter, impair or impede their ability to protect whatever interest they may have in the off-ranch mineral interests at stake in this case. As previously discussed, Cordova has placed herself in a position adverse to the interests of the other heirs, such that the Plaintiffs will not adequately represent or protect the interests of the other heirs. The other heirs are necessary parties under this prong because a determination made in this case regarding the off-ranch mineral interests will impact the other heirs' interests, and they may be harmed by this Court's resolution in their absence.

While I find that the other heirs qualify as required parties under Rule 19(a)(1)(B)(i), Hallmark focuses more on the second prong of this analysis, arguing that failing to join the other heirs would expose him and the other Defendants to a risk of incurring "double, multiple, or otherwise inconsistent obligations." (Doc. 24 at 5.) "Inconsistent obligations" under Rule 19(a) "occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3

(1st Cir. 1998). Here it appears that there is a significant risk that Hallmark or the Defendants could face double or inconsistent obligations if the other heirs are not joined in this case. For example, should the Court allow this case to proceed without the other heirs, the Court could conclude that the conveyances were all valid and hold Hallmark and the other Defendants free from liability. The other heirs could, while this case is pending, file similar claims in state court, and that court could reach the opposite conclusion and require return of the off-ranch mineral interests. Both orders could not be satisfied at the same time.

Under both prongs of the Rule 19(a)(1)(B) analysis, the other heirs are required parties. While it is not necessary, based on this determination, to consider whether the other heirs may also be required parties under Rule 19(a)(1)(A), I reach the issue out of an abundance of caution. Rule 19(a)(1)(A) requires a court to find that an absent party is required if "in that person's absence, the court cannot accord complete relief among existing parties." As previously discussed, the Plaintiffs have placed themselves in a position adverse to the other heirs, who may be joint owners of any off-ranch mineral interests. Under the circumstances, the Court could not grant complete relief and final disposition of this matter to the existing parties without the presence of the other heirs. So, too, under Rule 19(a)(1)(A), the other heirs are required parties.

Several of the other heirs, including Cordova Jr. and Bliven, are citizens of New Mexico. (*See* Doc. 1 at 3.) Hallmark is also a citizen of New Mexico. (Doc. 15 at 4.) Bringing the other heirs into the case would destroy complete diversity of citizenship, as required by 28 U.S.C. § 1332, and therefore divest the Court of jurisdiction. It is not feasible, under Rule 19(a), to join the other heirs in this case.

When it is not feasible to join a required party, the analysis proceeds to Rule 19(b) and the determination of "whether, in equity and good conscience, the action should proceed among

the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In making this determination, courts must consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* These factors are not exclusive and the inquiry is necessarily fact-specific. *Republic Philippines v. Pimental*, 553 U.S. 851, 862-63 (2008).

The first factor "is essentially the same as the inquiry under Rule [19(a)(1)(B)(i)] into whether continuing the action without a person will, as a practical matter, impair that person's ability to protect his interest relating to the subject of the lawsuit."[2] *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1282 (10th Cir. 2012). For the same reasons explained above, I conclude that the other heirs would be prejudiced if the case were to proceed without them. This factor weighs in favor of dismissal.

The second factor, "the extent to which any prejudice could be lessened or avoided" by tailoring the judgment or relief in some way, counsels slightly against dismissal. Fed. R. Civ. P. 19(b)(2). If the Plaintiffs prevailed, the Court could tailor judgment such that any return of the off-ranch mineral interests went in equal shares to all of the heirs, and leave it to the heirs to sort out. It would be more challenging to mitigate any potential prejudice to the Defendants: the Court could not, by judicial fiat, prevent the other heirs from filing suit in state court during the

---

[2] The text in fact reads "Rule 19(a)(2)(i)." There is no such section in the Rule. Accordingly, I have assumed, based on context, that the Court meant Rule 19(a)(1)(B)(i), which refers to a person's ability to protect their interest in the case.

pendency of this case, and could not mandate against inconsistent outcomes. Even so, this factor weighs slightly against dismissal.

The third factor, "'whether a judgment rendered in the person's absence would be adequate' is 'not intended to address the adequacy of the judgment from the plaintiff's point of view. . . . [but r]ather, the factor is intended to address the adequacy of the dispute's resolution.'" *N. Arapaho Tribe*, 697 F.3d at 1283 (quoting *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1292-93 (10th Cir. 2003)).  This third factor is directed at "the interest of the courts and the public in complete, consistent and efficient settlement of controversies." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968). The issues in this case have been the subject of litigation for at least a decade. (*See generally* Doc. 15.) Allowing the case to proceed without the other heirs would not wholly settle the dispute if the other heirs were not participating and bound by the judgment. There would be nothing complete, efficient, consistent, or final about the resolution of this case if the other heirs and the Defendants, or the other heirs and the Plaintiffs, were required to relitigate the issue—and with potentially different results. Thus, the third factor weighs in favor of dismissal.

Finally, the fourth factor directs courts to consider "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." FED. R. CIV. P. 19(b)(4). Cordova contends that dismissing this case would deprive all the heirs of an opportunity to defend their interests because the statute of limitations has run. I am not convinced that the statute of limitations has run. Even if it has, a state court could—but is not required—to find, among other reasons to excuse the statute of limitations bar, that the statute of limitations has been equitably tolled because the Plaintiffs filed their claim within the proper period of time, but simply in the wrong forum. Moreover, "[a] plaintiff's inability to seek relief . . . does not automatically

preclude dismissal." *United States ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 480 (7th Cir. 1996). While I am not persuaded that dismissal for nonjoinder would leave the Plaintiffs without a forum to resolve their claims, that potential does weigh against dismissal.

On balance, the Rule 19(b) factors counsel in favor of dismissing the case for failure to join required parties under Rule 12(b)(7). The parties, the other heirs, the courts, and the public have a compelling interest in final resolution of disputes. The disputes underlying this case have wended through litigation for over a decade: allowing this case to proceed without all of the relevant parties is simply an invitation for more litigation. I recommend that the Court decline that invitation, grant Hallmark's motion to dismiss under Rule 12(b)(7), and dismiss this case without prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.