IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DODIE CORDOVA, in her individual
capacity and as legal guardian and
conservator for Manuel "Melito" Cordova, Jr.,
SHAWN FRANCIS, TYVON SWAIN,

      Plaintiffs,

v.                                         CV 16-184 JCH/WPL

DAVID MELASS; QUICK FLIP, LLC;
CULLEN HALLMARK;
MEDRAY CARPENTER; and
STEPHEN VAN HORN,

      Defendants.

## ORDER DENYING MOTION FOR SANCTIONS

Defendant Cullen Hallmark filed a motion for sanctions against the Plaintiffs on the theory that Plaintiffs are having an attorney "ghost write" their pleadings, even though Plaintiffs purport to proceed pro se. (Doc. 50.) Hallmark describes ghostwriting as "when a member of the bar represents a pro se litigant informally or otherwise, and prepares pleadings, motions, or briefs for the pro se litigant which the assisting lawyer does not sign, and thus escapes the professional, ethical, and substantive obligations imposed on members of the bar." (*Id.* (quoting *In re Mungo*, 305 B.R. 762, 767 (Bnkr. D.S.C. 2003)).) Hallmark's basis for believing that Plaintiffs have been using a ghost writer is that Plaintiffs' filings "all contain cogent and ordered allegations; legal arguments; legal research; and proper case citations." (*Id.* at 5.) Hallmark requests that I strike Plaintiffs' pleadings or require Plaintiffs to identify their ghost writing attorney; require the ghost writer to enter an appearance and sign pleadings or stop helping Plaintiffs; and award Hallmark his costs and fees associated with bringing the motion for sanctions. (*Id.* at 6.)

Plaintiff Shawn Francis, joined by Plaintiffs Dodie Cordova[1] and Tyvon Swain, filed a response indicating that Francis authored all of the pleadings. (Doc. 56.) Francis explained that "all of the previously filed pleadings . . . bear Ms. Cordova's signature [because] the plaintiffs felt it best that she, as the lead plaintiff, filed the pleadings in this matter." (*Id.* at 2.) Francis also submitted a Declaration, under oath, that he has authored the pleadings and has not been assisted by an attorney. (Doc. 57.)

In reply, Hallmark presses that Francis's concession that he has drafted the pleadings, signed by Cordova, is sanctionable conduct under Federal Rule of Civil Procedure 11(b). (Doc. 58.) Hallmark goes on to argue that Plaintiffs pursued matters in this way to "hide from the court and the defendants" that Francis is an incarcerated person. (*Id.* at 2.) Hallmark reiterates that this conduct violates Rule 11 and should be sanctioned.

As an initial matter, Hallmark is correct that Rule 11(a) requires a pleading to be signed by an attorney of record or by a party personally if proceeding pro se. Hallmark is also correct that, pursuant to Rule 11(b), the signing of and presentment to a court of any pleading constitutes certification that the factual contentions are supported—including that the signer is the appropriate signer.

Hallmark failed to adhere to the procedural requirements for bringing a motion under Rule 11. A Rule 11 motion for sanctions "must be served under Rule 5, but it must not be filed" if the challenged issue "is withdrawn or appropriately corrected within 21 days after service" of the motion. FED. R. CIV. P. 11(c)(2). This provision is known as the "safe harbor" provision, and

---

[1] Cordova again purported to join the pleading on behalf of Manuel Cordova, Jr. I have previously informed Cordova that she cannot represent Manuel Cordova Jr. because pro se parties cannot appear on behalf of anyone else. (*See* Docs. 47, 55.) This is Cordova's final warning. If she persists in purporting to represent Manuel Cordova, Jr., I will sanction her under Rule 11 for practicing law without a license, refer her to the State Bar of New Mexico for practicing law without a license, and may hold her in contempt for failing to comply with Court orders.

it gives the opposing party the opportunity to withdraw or correct the offending pleading or contention and thereby escape sanctions. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009); *Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997.) Compliance with the safe harbor provision is mandatory, and failure to serve the motion before filing precludes an award of sanctions under Rule 11. *Winterrowd*, 556 F.3d at 826; *Roth*, 466 F.3d at 1191-93; *AeroTech*, 110 F.3d at 1528-29. Hallmark admits that he did not serve the motion on Plaintiffs before filing it. (Doc. 50 at 6.) Hallmark's request for Rule 11 sanctions must be denied because he failed to comply with the safe harbor provision.

Hallmark also failed to comply with the Local Rules of Civil Procedure. In this District, a party filing a motion "must determine whether [the] motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). Because Hallmark admits that he did not request concurrence before filing the motion, the motion may be summarily denied under Local Rule 7.1(a).

Even if Hallmark had complied with all of the procedural requirements for such a motion, I would not be inclined to grant it. Contrary to Hallmark's contention, Francis's status as an incarcerated person was disclosed on page 27 of the very first filing in this case, the Complaint. (Doc. 1 at 27.) Francis signed the Complaint and listed his address as a correctional facility in Washington. (*Id.*) Additionally, while courts possess the authority to sanction parties or counsel for violations of Rule 11(b), the exercise of that authority is a matter of discretion. *See* FED. R. CIV. P. 11(c)(1) ("If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . .").

I agree with Hallmark that Plaintiffs' failure to accurately identify the individual who drafted their filings violates Rule 11(a)-(b). However, this violation is not severe. There is no allegation that Plaintiffs presented filings for an improper purpose, presented claims or contentions that are not warranted under existing law or otherwise presented frivolous arguments, or made or denied factual contentions without a reasonable basis for doing so. *See* FED. R. CIV. P. 11(b).

Plaintiffs have previously been cautioned, and are again reminded, that pro se parties may not represent other individuals. The party who drafts the filing must sign it, but other parties may join or adopt any such filing. In this case, I do not see a violation of the Rules so severe that it warrants a sanction under Rule 11.

Hallmark's motion for sanctions is denied. Hallmark's request for his costs and fees in bringing this motion is also denied.

It is so ordered.

 */s/ William P. Lynch*
 William P. Lynch
 United States Magistrate Judge