IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DODIE CORDOVA, in her individual
capacity and as legal guardian and
conservator for Manuel "Melito" Cordova, Jr.,
SHAWN FRANCIS, TYVON SWAIN,

      Plaintiffs,

v.                                                CV 16-184 JCH/WPL

DAVID MELASS; QUICK FLIP, LLC;
CULLEN HALLMARK;
MEDRAY CARPENTER; and
STEPHEN VAN HORN,

      Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 55); Plaintiffs Dodie Cordova, Shawn Francis, and Tyvon Swain's objections thereto (Doc. 59); and Plaintiffs' Motion for Leave to File Second Amended Complaint, filed after the PFRD (Doc. 61). The PFRD recommended granting Defendant Cullen Hallmark's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party and dismissing the case without prejudice. The Plaintiffs object to this recommendation on the basis that the Magistrate Judge failed to account for several binding mediation agreements among the heirs and inappropriately weighed the factors under Rule 19(b). The Defendants did not respond to the objections. The Plaintiffs subsequently filed a motion for leave to file a second amended complaint (Doc. 61). Having conducted a *de novo* review, the Court finds the objections to be without merit for the following reasons. Additionally, the Court finds that Defendant Hallmark is an indispensable party under

1

Rule 12(b)(7), and the motion to file the second amended complaint is denied for failure to include Hallmark.

Because the Plaintiffs proceed pro se, the Court construes their pleadings liberally and holds them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, *N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

Federal Rule of Civil Procedure 12(b)(7) allows a court to dismiss an action for failure to join a party in accordance with Rule 19. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed. 2004). When evaluating a motion under Rule 12(b)(7), the court initially determines if the absent party (or parties) is a required party to be joined under Rule 19(a)(1). A party "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). If an otherwise required party cannot feasibly be joined because it is not subject to service of process or because its joinder would destroy subject-matter jurisdiction, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). In making this determination, courts must consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

The Plaintiffs object to the PFRD's proposed findings as to the first and third prongs of the Rule 19(b) analysis. Additionally, the Plaintiffs contend that the PFRD failed to account for two mediation agreements between the Plaintiffs and the non-party heirs. (*See* Doc. 59 at 5.)

With regard to the first prong under Rule 19(b), the extent to which a judgment rendered in the absence of the non-party heirs might prejudice the non-party heirs or the existing parties, the PFRD proposed finding that this factor weighs in favor of dismissal. The PFRD based this proposed finding on a previous proposed finding: that, under Rule 19(a)(1)(B)(i), failure to join the non-party heirs "may, as a practical matter, impair or impede their ability to protect whatever interest they may have in the off-ranch mineral interests at stake in this case." (Doc. 55 at 7.)

The Plaintiffs did not object to the finding under Rule 19(a)(1)(B)(i), but argue that the standard is different under Rule 19(b)(1). Plaintiffs cite to the text of Rule 19(b)(1) and to *Dore Energy Corp. v. Prospective Investment & Trading Co.*, 570 F.3d 219, 232 (5th Cir. 2009), for the proposition that Rule 19(b) requires the Court to determine whether harm "*actually will* occur

3

and, if so, the severity of that harm." (Doc. 59 at 5 (emphasis in original).) Plaintiffs are incorrect.

*Dore Energy* is inapposite to this case. In *Dore Energy*, the Plaintiff was able to overcome a Rule 12(b)(7) motion by signing a contract with non-party royalty owners such that the non-parties would receive the same royalty percentage payments regardless of the outcome of the case. 570 F.3d at 232. In dicta, the Fifth Circuit wrote that the "factors under Rule 19(b) are concerned with whether actual harm to anyone's interests will occur if the case proceeds absent certain parties." *Id.* Unlike *Dore Energy*, where the non-parties would be in the same position no matter what happened in the case, the non-party heirs in this case could be in a very different position depending on the outcome of the case. The Plaintiffs' argument is self-defeating: "if Plaintiffs secure a favorable judgment, all other heirs would sustain their established percentage of mineral rights pursuant to the mediation agreements" (Doc. 59 at 5), which clearly states that the non-party heirs would be in a materially different position if the Plaintiffs win this case, and Plaintiffs' failure in this suit will not impair the non-party heirs' rights or their ability to pursue those rights (*see id.* at 4-5), which clearly states that the Defendants could be haled to court again by the non-parties based on the same or similar allegations.

Further, Rule 19(b)(1) clearly reads "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." There is no requirement in the Rule, nor indeed in the Tenth Circuit, that a showing of actual, definite, inevitable harm be made. *See N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1282 (10th Cir. 2012).

Here, the Magistrate Judge correctly concluded that a judgment rendered without the non-party heirs could prejudice the non-party heirs or the Defendants, and this factor weighs in favor of dismissal.

As to the third factor, the Plaintiffs argue that the Magistrate Judge "fail[ed] to recognize the high improbability that any other heir would, in fact, pursue litigation on these matters." (Doc. 59 at 6.) The Plaintiffs again rely on their determination of the applicable statute of limitations and their unilateral statement that it is unlikely the non-party heirs would pursue this case. Yet Gloria Bliven, a non-party heir, appeared in person for a status conference before Judge Lynch on August 22, 2016, and indicated that she wished to be a party to the case. (*See* Doc. 48.) Plaintiffs' argument on this factor is unavailing and unpersuasive.

As to the motion for leave to file the second amended complaint, the same analysis applies. The proposed amended complaint asserts the same causes of action, but without including Hallmark, Van Horn, and Carpenter as defendants, despite their crucial role in the alleged wrongs and as purported owners of the disputed mineral interests. "A district court may refuse to allow amendment if it would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

In this case, Hallmark, Van Horn, and Carpenter are required parties pursuant to Rule 19(a)(1)(A): the Court cannot accord complete relief between the existing parties without their presence because the claims ask the Court to resolve ownership of disputed mineral interests and yet seek to not include the purported owners. However, as Hallmark, Van Horn, and Carpenter are citizens of the State of New Mexico, the parties agree that their joinder in the case divests the Court of subject matter jurisdiction because it defeats complete diversity among the parties.

Because these defendants cannot reasonably be joined, the Court must again "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). In making this determination, courts must consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

As noted, a judgment rendered without Carpenter, Van Horn, and Hallmark will be useless because of their alleged roles in the wrongdoing and their claimed ownership of the mineral interests. There is no functional way to limit the prejudice suffered by these three if they are not joined as parties. Clearly, any judgment rendered in their absence would be inadequate. And finally, as previously discussed in the PFRD, the Plaintiffs likely have an adequate remedy if the action is dismissed for nonjoinder.

The proposed second amended complaint would, as explained, be subject to dismissal under Rule 12(b)(7) for the failure to join indispensable parties. The motion is denied.

The Plaintiffs brought no argument of fact or law that counsels in favor of disturbing the PFRD's recommendations. As explained above, the Magistrate Judge appropriately weighed the factors of Rule 19(b). Therefore, the Court overrules Plaintiffs' objections and adopts the PFRD as its own. Additionally, the Plaintiffs failed to show that their proposed second amended complaint would not be subject to dismissal and therefore futile. The motion for leave to amend is denied.

IT IS THEREFORE ORDERED that:

6

    1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 55) are adopted by the Court;

    2) Defendant Hallmark's motion to dismiss (Doc. 24) is GRANTED; and

    3) Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 61) is DENIED; and

    4) this case is dismissed without prejudice.

                                             _____
                                             JUDITH C. HERRERA
                                             UNITED STATES DISTRICT JUDGE